UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EMANUEL L FINCH SR, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, STATE OF WASHINGTON, PIERCE COUNTY, WASHINGTON, <br><br> Defendant. | CASE NO. 3:16-CV-05368-RBL-DWC <br><br> ORDER TO FILE PETITION |

Plaintiff Emanuel L. Finch, Sr., proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. §1983. *See* Dkt. 1. Having reviewed the Complaint, the Court declines to serve the Complaint as Plaintiff is challenging the fact and duration of his confinement, not his conditions of confinement. The Court, however, provides Plaintiff leave to file a petition by August 22, 2016, to cure the deficiencies identified herein.

An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991). Here, Plaintiff challenges his physical confinement, asking the Court to "change his sentence and

judgment." As Plaintiff's claims challenge the fact and duration of his custody, his claims are properly raised in a 28 U.S.C. § 2254 petition.

If Plaintiff intends to pursue the claims alleged in his Complaint, he must file a petition on the form provided by the Court, including only claims challenging the fact or duration of his custody. Under Rule 2(a) of the Rules Governing Section 2254 Cases, "the petition must name as respondent the state officer who as custody." Further,

> [t]he petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. §2242.

*Id.* at Rule 2(c). The Petition must "substantially follow" a form prescribed by this Court or the form attached to the Rules Governing Section 2254 Cases. *Id.* at Rule 2(d). The petition should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the Complaint by reference. The petition will act as a complete substitute for the Complaint, and not as a supplement.

If Plaintiff fails to adequately address the issues raised herein and file a petition on or before August 22, 2016, the undersigned may recommend dismissal of this action.

The Clerk is directed to: (1) provide Petitioner with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254; (2) re-note Plaintiff's Motion to Proceed *In Forma Pauperis* for August 26, 2016; and (3) provide copies of this Order to Plaintiff.

Dated this 21st day of July, 2016.

David W. Christel
United States Magistrate Judge

ORDER TO FILE PETITION - 2